**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **TYRA KIRKSEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 15-0115-WS-N** |
| ) | |
| **SCHINDLER ELEVATOR** ) | |
| **CORPORATION,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion in Limine to Exclude Lay Opinions of Sears' Surveillance Video (doc. 121), Motion in Limine to Exclude Evidence that Sears Lacked Knowledge (doc. 122), Motion in Limine to Exclude "Open and Obvious" Defense (doc. 123), Motion in Limine to Exclude Evidence that Escalator was Code-Compliant (doc. 124), Motion in Limine Concerning Jakobe Kirksey's Father (doc. 125), Motion in Limine to Exclude Evidence Not Disclosed in Discovery (doc. 126), and Motion in Limine to Exclude Evidence of Timing of Plaintiff Engaging Counsel (doc. 127).  All of these Motions are ripe for disposition, and will be addressed sequentially.

**I.      Motion in Limine Regarding Lay Opinions of Surveillance Video.**

As her first Motion in Limine, plaintiff, Tyra Kirksey, seeks to exclude the opinions and testimony of lay witnesses Jeremy Franks, Lance Deleston and Marvin Byrum concerning the contents of Sears surveillance video of Jakobe Kirksey's fatal escalator fall in June 2014. Kirksey also requests exclusion of portions of these individuals' written reports describing their perceptions of the surveillance video footage.  Plaintiff reasons that all such opinions are inadmissible as expert opinions pursuant to *Daubert* principles, and are inadmissible as lay opinions under Rule 701, Fed.R.Evid., because they would not be helpful to the finder of fact.

The Court has already adjudicated these precise issues.  This Motion in Limine essentially duplicates plaintiff's earlier filed Motion to Exclude as Unreliable Lay Testimony and Opinions of Surveillance Video and Portions of Police Report (doc. 100).  In an Order (doc. 138)

entered on September 20, 2016, the undersigned considered and addressed the arguments reprised by the parties in this Motion in Limine.  Specifically, the September 20 Order reasoned that "the lay opinions offered by Sgt. Franks, Det. Deleston and Inspector Byrum as to their perceptions of Jakobe's actions in the video would not be helpful to the jury because the jury will be perfectly capable of watching the video and reaching an independent conclusion based on the evidence presented."  (Doc. 138, at 12.)  Based on the Court's finding that "these witnesses' opinions about what they observed in the surveillance video would not assist the jury in understanding the witnesses' testimony or determining a fact in issue[,] … such lay opinions are inadmissible pursuant to Rule 701(b)."  (*Id.*)  For that reason, the September 20 Order granted plaintiff's Motion to Exclude "as to any testimony or written opinions of Sgt. Franks, Det. Deleston or Inspector Byrum about the conduct of Jakobe Kirksey as depicted on the surveillance video."  (*Id.* at 14.)

Under the circumstances, Plaintiff's Motion in Limine to Exclude Lay Opinions of Sears' Surveillance Video (doc. 121) is redundant and unnecessary, and is confined to issues previously presented and decided in this case.  Accordingly, this Motion in Limine is **moot**.[1]

## II.     Motion in Limine Regarding Sears' Lack of Knowledge.

Plaintiff's second Motion in Limine requests that, in the event Kirksey is not permitted to pursue a failure-to-warn claim against defendant Schindler Elevator Corporation, defendant Sears, Roebuck & Co. should be precluded from presenting evidence or argument that it lacked

---

[1]     The Court's only elaboration on the September 20 Order in this regard is as follows:  Here, as previously, defendants assert that these lay witnesses should be allowed to testify to their perceptions of the surveillance video because "[t]heir analysis of the surveillance video is a crucial part of their investigations," which concluded that Jakobe's fall was not caused by foul play and that the escalator was functioning normally.  (Doc. 132, at 3.)  The September 20 Order observed that "having these witnesses describe their specific perceptions about what the surveillance video depicts with respect to Jakobe's conduct would not be helpful to a clear understanding of their investigative conclusions concerning lack of foul play or escalator malfunction."  (Doc. 138, at 14.)  Additionally, it bears noting that plaintiff has now offered to stipulate that "foul play" had nothing to do with Jakobe's fall and, apparently, that the escalator was functioning normally.  (Doc. 135, at 2-3.)  The lack of any *bona fide* dispute as to foul play or operational status of the escalator further undermines defendants' attempt to backdoor these witnesses' opinions concerning the Sears surveillance video into evidence pursuant to Rule 701.  The parties are strongly encouraged to attempt to reach stipulations as to these points (foul play, escalator malfunction) in order to avoid needless testimony at trial concerning topics as to which no genuine dispute exists.

knowledge of the risk of falls or the need for additional guarding of the subject escalator.  This Motion is also redundant of a previously submitted motion by plaintiff.  In particular, prior to filing this Motion in Limine, plaintiff filed a Motion to Reconsider Summary Judgment Order (doc. 119) in which she urged the Court to revisit its summary judgment ruling that dismissed her failure-to-warn claim against Schindler for failing to warn Sears of the dangers associated with the subject escalator and the need for guarding.  In her Motion to Reconsider, plaintiff argued that if reconsideration were not granted and her failure-to-warn claim against Schindler were not reinstated, then Sears should be forbidden by the doctrines of law of the case and direct estoppel from presenting evidence or argument at trial that it lacked such knowledge.  Plaintiff's Motion in Limine (doc. 122) advances precisely the same argument and seeks precisely the same relief as the alternative remedy requested in her Motion to Reconsider.  Once again, plaintiff files a duplicative and unnecessary Motion in Limine.

By separate Order (doc. 141) dated October 28, 2016, the Court has denied Kirksey's Motion to Reconsider and likewise denied her alternative request to bar Sears from contesting knowledge of the risk of danger of falls or the need for guarding.  Because the issues presented have thus squarely been adjudicated, plaintiff's Motion in Limine to Exclude Evidence that Sears Lacked Knowledge (doc. 122) is **moot**.[2]

---

[2]     Plaintiff's arguments in her redundant briefing on the Motion in Limine underscore the reasons why the requested relief was denied in the ruling on her Motion to Reconsider.  For example, Kirksey now posits that the Order on summary judgment contained a "factual finding that Sears – at all times – had full knowledge of the history of falls, the risk or danger of falls, and the need for guarding." (Doc. 122, at 2.)  This is incorrect.  On summary judgment, the Court did not make a definitive finding on the disputed factual question of the state of Sears' knowledge at any particular time.  Moreover, Kirksey argues that "[e]ither Sears' knowledge matched Schindler's and thereby mooted any duty to warn, or Sears' knowledge was less than Schindler's and thereby created a duty to warn." (*Id.* at 3 n.2.)  Plaintiff advances a false dichotomy.  To be sure, it is true that if Sears and Schindler had the same knowledge (as plaintiff pleaded in her Complaint and asserted in her summary judgment filings), then there could be no duty owed by Schindler to warn Sears.  However, it is a legally incorrect statement for plaintiff to state that a duty to warn would be created if "Sears' knowledge was less than Schindler's."  As discussed in the order denying the Motion to Reconsider, that is simply not a valid statement of Alabama law.  For these reasons, as well as those set forth in the order on the Motion to Reconsider, plaintiff's Motion in Limine is not meritorious.

III.    **Motion in Limine Regarding "Open and Obvious" Defense.**

As her third Motion in Limine (doc. 123), plaintiff requests that defendants be excluded from presenting any evidence or argument at trial in support of an "open and obvious" defense. In the Joint Pretrial Document (doc. 139), both defendants identified an "Open and Obvious Affirmative Defense" on the theory that Jakobe Kirksey and Tyra Kirksey were aware of the allegedly hazardous condition of the Sears escalator and appreciated the danger it involved, or would have done so had they used reasonable care.  (Doc. 139, at 5.)  Plaintiff's three-pronged argument in support of this Motion in Limine is that (i) in light of the dismissal of her failure-to-warn claim against Schindler, there can be no "open and obvious" defense; (ii) the "open and obvious" defense requires evidence that Jakobe subjectively knew of the danger, but defendants lack such evidence; and (iii) defendants cannot contemporaneously profess ignorance of the hazard and insist that such hazard was "open and obvious" at the time of Jakobe's fall.

As to plaintiff's first point, in the products liability context Alabama authorities certainly link the "open and obvious" defense to claims of negligent failure to warn.  *See, e.g., Abney v. Crosman Corp.*, 919 So.2d 289, 294 (Ala. 2005) ("In 1976, this Court adopted the open-and-obvious defense as it applies in a products-liability action alleging negligent failure to warn.").  Plaintiff is correct that her failure-to-warn claim against Schindler has been dismissed; therefore, in the absence of such a claim, Schindler cannot assert an "open and obvious" affirmative defense at trial because there is no corresponding failure-to-warn claim to which such a defense might relate.  Accordingly, the Motion in Limine is **granted** as to any "open and obvious" defense that Schindler might interpose.[3]  Schindler may not present evidence or argument at trial that the alleged defects in the subject escalator were "open and obvious" for purposes of negating any duty to warn.

That said, the "open and obvious" defense is in a different posture with respect to defendant Sears.  It is undisputed that Kirksey is asserting a premises liability claim against Sears.  And Alabama law is clear that "[t]he [invitor] is not liable to an invitee for an injury

---

[3]    Notably, defendants' response to this Motion in Limine focuses exclusively on the "open and obvious" defense as it relates to defendant Sears, without responding to or attempting to rebut plaintiff's contention that the defense is no longer cognizable as to Schindler.  Thus, defendants have identified no remaining, pending claim against Schindler as to which an "open and obvious" defense might be available, and the Court perceives none.

resulting from a danger that was obvious." *Jones Food Co. v. Shipman*, 981 So.2d 355, 362 (Ala. 2006) (citations omitted).  Indeed, "[t]he entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries.  If that superior knowledge is lacking, ***as when the danger is obvious***, the invitor cannot be held liable." *Id.* (citations omitted and emphasis added); *see also General Motors Corp. v. Hill*, 752 So.2d 1186, 1187 (Ala. 1999) ("It is well established, however, that an invitor is not liable for injuries to an invitee resulting from a danger that was known to the invitee or that the invitee should have observed through the exercise of reasonable care.  ***If the danger is open and obvious, the invitor cannot be held liable***.") (citations omitted and emphasis added).  Thus, the question of "open and obvious" remains relevant, notwithstanding the dismissal of Kirksey's failure-to-warn claim against Schindler, because it constitutes a complete defense to Kirksey's premises-liability claims against Sears.

Plaintiff's next argument is that Sears should be excluded from presenting evidence or argument pertaining to the "open and obvious" defense at trial because "the Defendants have zero evidence to show that Jakobe Kirksey subjectively knew of the danger. … Without evidence of Jakobe's subjective knowledge of the danger, the Defendants cannot make an 'open and obvious' defense."  (Doc. 123, at 2.)  This is an incorrect statement of Alabama law.  Time and time again, the Alabama Supreme Court has emphasized that "[i]n a premises-liability setting, we use an objective standard to assess whether a hazard is open and obvious. … [T]he question is whether the danger should have been observed, not whether in fact it was consciously appreciated." *Dolgencorp, Inc. v. Taylor*, 28 So.3d 737, 741-42 (Ala. 2009) (citations omitted); *see also South Alabama Brick Co. v. Carwie*, --- So.3d ----, 2016 WL 1077265, *7 (Ala. Mar. 18, 2016) ("[T]he duty of a premises owner is measured by an objective standard, not the subjective state of the invitee's knowledge.  The question is what was objectively reasonable for the invitor to expect the invitee to know. … [A]n invitor's duty before an accident is not determined by 'the invitee's subjective state of mind' at the moment of the accident.") (citations omitted); *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So.2d 158, 161 (Ala. 1997) (in premises liability context, "the 'obvious' test is an objective one") (citation omitted).  Plainly, Sears' lack of

evidence that Jakobe subjectively appreciated the danger posed by the moving handrail of the escalator in no way compromises Sears' ability to pursue an "open and obvious" defense.[4]

As a final basis for her Motion in Limine, plaintiff protests that Sears' stated intention to rely on the "open and obvious" defense contradicts Sears' stance that it was unaware of the risk of falls or need for guarding, such that it would be "fundamentally inconsistent and illogical" for Sears to make both arguments to the jury.  (Doc. 123, at 3.)  It is not altogether clear to the undersigned that such a fundamental inconsistency exists, given potential issues as to timeframe (*i.e.*, during what temporal period does Sears deny knowledge?) and substance (*i.e.*, does Sears deny knowledge of the dangerous condition, or does it deny knowledge of the magnitude of the risk and the availability of feasible guarding mechanisms?).  More fundamentally, this sounds like a preview of plaintiff's closing argument, rather than a persuasive basis for granting the Motion in Limine.  If Sears denies awareness of the dangerous condition at trial, but also asks the jury to find that Sears should be exonerated from liability because such dangerous condition was "open and obvious" to users like Jakobe, then Sears may well expose itself to withering cross-examination and closing argument from plaintiff's counsel exploiting the apparent duplicity.  The Court does not have any information or any reason to believe at this time that allowing Sears to present an "open and obvious" defense would create a substantial risk of "unfair prejudice, confusion of the issues and misleading of the jury" (doc. 123, at 3), as argued by plaintiff.  Rather, the Court is confident that plaintiff's counsel is capable of highlighting any inconsistencies in Sears' position to the jury during closing argument in a manner that

---

[4]     In arguing otherwise, plaintiff cites Alabama authorities for the proposition that whether a condition is "known" is a subjective inquiry.  (Doc. 135, at 5.)  Plaintiff appears to be laboring under the impression that the "open and obvious" defense is available only when a dangerous condition is both "obvious" and "known" to the invitee; however, even the Alabama authorities on which plaintiff relies frame these criteria in the disjunctive, not the conjunctive. *See Ex parte Mountain Top*, 699 So.2d at 161 ("A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land ***whose danger is known or obvious to them***") (citations omitted and emphasis added); *see also South Alabama Brick*, 2016 WL 1077265, at *6 (premises owner "is not liable for an injury to an invitee resulting from a danger ***which was known to the invitee or which was obvious***") (emphasis added).  The Court therefore rejects as contrary to well-settled Alabama law plaintiff's contention that a premises owner invoking the "open and obvious" defense must establish that the hazard was <u>both</u> obvious <u>and</u> known to the invitee at the time of the injury.

sufficiently mitigates any likelihood of prejudice or confusion to plaintiff resulting from any such inconsistencies.

For all of these reasons, the Motion in Limine to Exclude Evidence or Argument of "Open and Obvious" Hazard (doc. 123) is **granted** as to defendant Schindler, but **denied** as to defendant Sears.[5]

## IV.     Motion in Limine Regarding Code-Compliance of Escalator.

Kirksey's fourth Motion in Limine seeks to exclude defendants from making statements at trial concerning "the alleged or argued 'fact' that the escalator … was code-compliant." (Doc. 124, at 1.) Plaintiff's position is that, is a factual matter, it is inaccurate to characterize the Sears escalator as code-compliant because, for example, Lerch Bates performed a post-accident investigation and found the escalator to be non-compliant in multiple respects. On that basis, plaintiff maintains that defendants should not be permitted "to present an inaccurate representation of the Escalator" to the jury, and that falsely portraying the escalator as being code-compliant "could also mislead the jury." (Doc. 124, at 2-3.)

The fundamental problem with plaintiff's line of reasoning is that the facts are not as black-and-white as she suggests. The term "code-compliant" can mean different things to different people. Which code or codes are we talking about? "All" codes, as plaintiff suggests, or merely "all relevant codes" as defendants state (*see* doc. 132, at 7)? Defendants will present expert testimony from Davis Turner that the escalator was compliant with applicable building codes at the relevant times. (*See* doc. 101, Exh. A, § 5.2.) Plaintiff will present evidence from inspector Gene Shanks that he observed multiple technical escalator code violations at the escalator in June 2014. (*See* doc. 124, Exh. C.) Defendants will no doubt counter that the technical violations observed by Shanks (*i.e.*, missing code data plate, broken cleats, incomplete

---

[5] There is no internal inconsistency in this ruling. After all, plaintiff's theory against Sears sounds in premises liability, whereas her theory against Schindler sounds in products liability. The "open and obvious" defense works differently in these distinct contexts. *See, e.g., Sessions v. Nonnenmann*, 842 So.2d 649, 653 (Ala. 2002) ("This incidence of the issue of openness and obviousness in premises-liability cases differs from the incidence of the same issue in cases of claims based on the Alabama Extended Manufacturer's Liability Doctrine (AEMLD)."). And, of course, the duty-to-warn claim against Schindler is out of the case, thereby eliminating the "open and obvious" defense as to such a claim, whereas no parallel developments have occurred with respect to plaintiff's claims against Sears.

start-up logs) had no bearing on Jakobe's fall, such that the escalator remained code-compliant in all respects <u>material to this case</u>. Defendants also have evidence that the State of Alabama assigned a number to the escalator, that such fact means the escalator was deemed compliant with the state escalator code at the time of the State's initial inspection, and that Sears was never cited for code violations in subsequent inspections. The Court understands that plaintiff disputes both the veracity of and defendants' desired inferences from this testimony.

The parties appear to be talking past each other on this issue because they mean different things when they say "code-compliant," such that the Motion in Limine is, in essence, comparing apples to oranges.[6] In the final analysis, the Court concludes that the most efficient and effective means of handling this "code-compliance" issue is not to forbid defendants from uttering the words on pain of being held in contempt, but is rather to allow this question to play out through the normal channels of direct and cross-examination. If a defense witness makes a blanket statement that the escalator was code-compliant (which is the concern animating this Motion in Limine) without qualifying or limiting verbiage, then plaintiff is free to explore the matter vigorously on cross-examination, much as she did in the Elliott and Lemmert deposition excerpts appended to the Motion in Limine as Exhibits A and B. To the extent that any defense witness uses imprecise or overbroad language to describe the code-compliant status *vel non* of the escalator, the Court is satisfied that the tried-and-true mechanisms of cross-examination and (if necessary) presentation of impeachment / rebuttal evidence will suffice to alleviate any confusion and prevent the jury from being misled as to the question of "code compliance" or lack thereof. Likewise, any loose language in closing arguments may be addressed most effectively via counterargument, rather than heavy-handed exclusion, particularly where the parties appear largely in agreement as to many underlying facts vis a vis code compliance or lack thereof.

---

[6]    Indeed, once one gets past the rhetoric, the briefing suggests that the parties may not disagree here in any meaningful way. For their part, defendants seek only "to introduce evidence of code-compliance" as to particular codes, and "to argue that the subject escalator was compliant with all relevant codes." (Doc. 132, at 7.) Likewise plaintiff "does not dispute that factually accurate, properly worded statements regarding what codes and conditions the escalator complied with may be appropriate for use by Defendants." (Doc. 135, at 8.) Plainly, there is substantial common ground on this issue, negating the need for the kind of draconian exclusionary order sought by plaintiff.

For the foregoing reasons, plaintiff's Motion in Limine to Exclude Statements that the Escalator was Code Compliant (doc. 124) is **denied**.

## V. Motion in Limine Regarding Jakobe's Father.

As her fifth Motion in Limine (doc. 125), Kirksey requests that this Court enter an order excluding any references by defendants to the whereabouts of Jakobe's father, Jonathan Daniels, who is not a party to the case, was not present in the Sears store at the time of Jakobe's fall, and is not expected to attend the trial of this matter.  In support of this Motion, Kirksey posits that Daniels' whereabouts are irrelevant to any claim or defense joined in this action, and that, accordingly, any commentary on his anticipated absence from trial would therefore be inappropriate.  Defendants do not object.  (*See* doc. 132, at 2 n.1.)  Because the Court agrees that no valid purpose could be served by defendants or their counsel making statements at trial commenting on Daniels' absence from the courtroom, and in light of defendants' non-objection to plaintiff's request, plaintiff's Motion in Limine to Exclude Statements Regarding Whereabouts of Jakobe Kirksey's Father (doc. 125) is **granted**.  It is **ordered** that all references to the whereabouts of Jakobe's father, and his anticipated absence from trial, are **excluded**.

## VI. Motion in Limine Regarding Undisclosed Evidence.

Plaintiff's Motion in Limine number six (doc. 126) relates to defendants' disclosure in the first incarnation of the Joint Pretrial Document (doc. 103) of witness Mike Rivers and Exhibit 46, described as "Photos of other open atrium escalators within the State of Alabama." Plaintiff's objection is that Rivers (who is apparently a photographer) and Exhibit 46 (which is apparently a collection of Rivers' photographs of other Alabama escalators) were not timely disclosed or produced in discovery.  Indeed, plaintiff indicates that the first notice defendants provided her of Rivers' status as a witness was in the Joint Pretrial Document, some four months after the close of discovery; and that defendants first produced the photographs that constitute Exhibit 46 to her even later than that.  In light of this allegedly untimely disclosure, plaintiff seeks exclusion of Mike Rivers and Exhibit 46 from trial, pursuant to Rules 26(a)(1)(A), 26(e)(1) and 37(c)(1) of the Federal Rules of Civil Procedure.

Defendants' response is straightforward, to-wit: It intends to use this evidence solely for impeachment purposes.  On its face, Rule 26 is clear that the disclosure requirements of the Federal Rules Civil Procedure apply to all witnesses and evidence that a party may use to support its claims or defenses, "unless the use would be solely for impeachment."  Rule 26(a)(1)(A)(i)-

(ii), Fed.R.Civ.P.; *see also Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) (recognizing that Federal Rules of Civil Procedure "exempt[] parties from disclosing evidence they may present at trial solely for impeachment purposes … because pretrial disclosure would significantly diminish its impeachment value"); *Baldeo v. Dolgencorp, LLC*, 2014 WL 4749049, *3 (M.D. Fla. Sept. 23, 2014) ("If the material is supplied for impeachment purposes only, there is no Rule 26 violation … and Rule 37(c) sanctions do not apply."). Under the plain language of Rule 26, then, defendants were under no legal obligation to disclose Mike Rivers and Exhibit 46 to plaintiff, either during discovery or in the Joint Pretrial Document.

In her reply, plaintiff concedes that she has no objection to defendants using Rivers and Exhibit 46 for impeachment purposes. (Doc. 135, at 8.) She nonetheless urges the Court to exclude such evidence "for any and all non-impeachment purposes." (*Id.*) But defendants have evinced no intention to utilize this evidence for non-impeachment purposes; to the contrary, they have affirmatively represented to both this Court and opposing counsel that Rivers' testimony and Exhibit 46 are purely impeachment evidence. In the absence of any reason to believe that defendants are not being forthright on this issue, plaintiff's Motion in Limine is unfounded and unnecessary. Accordingly, Plaintiff's Motion in Limine to Exclude Witnesses Not Identified and Evidence Not Produced in Discovery (doc. 126) is **denied** because it is confined to a single witness and a single exhibit that defendants have professed an intent to use solely for impeachment purposes, rendering them exempt from disclosure obligations.

## VII.   Motion in Limine Regarding Plaintiff's Retention of Counsel.

As her final Motion in Limine (doc. 127), Kirksey seeks to exclude defendants from making any reference at trial to the timing of her engagement of counsel. Plaintiff explains that she retained counsel shortly after Jakobe's fall for the specific purpose of accessing Sears surveillance video that was being withheld from her. She posits that the brevity of the interval between the accident and her engagement of legal counsel is not relevant to any claim or defense joined in this case, and that defendants should therefore be precluded from making any references to same at trial. Defendants respond that they do not object to this Motion. (*See* doc. 132, at 2 n.1.) Because the Court concurs with plaintiff that the timing of her hiring of counsel is not relevant to any matters the jury will be tasked with deciding, the Motion in Limine to Exclude Statements Regarding Plaintiff's Timeframe in Engaging Counsel (doc. 127) is

**granted**.  All statements or evidence concerning the timing of Tyra Kirksey's retention of counsel in this matter are **excluded** from trial.

**VIII.   Conclusion.**

For all of the foregoing reasons, it is **ordered** as follows:

1.   Plaintiff's Motion in Limine to Exclude Lay Opinions of Sears' Surveillance Video (doc. 121) is **moot**;

2.   Plaintiff's Motion in Limine to Exclude Evidence that Sears Lacked Knowledge (doc. 122) is **moot**;

3.   Plaintiff's Motion in Limine to Exclude Evidence or Argument of "Open and Obvious" Hazard (doc. 123) is **granted** as to defendant Schindler, but **denied** as to defendant Sears;

4.   Plaintiff's Motion in Limine to Exclude Statements that the Escalator was Code Compliant (doc. 124) is **denied**;

5.   Plaintiff's Motion in Limine to Exclude Statements Regarding Whereabouts of Jakobe Kirksey's Father (doc. 125) is **granted**;

6.   Plaintiff's Motion in Limine to Exclude Witnesses Not Identified and Evidence Not Produced in Discovery (doc. 126) is **denied**; and

7.   Plaintiff's Motion in Limine to Exclude Statements Regarding Plaintiff's Timeframe in Engaging Counsel (doc. 127) is **granted**.


DONE and ORDERED this 6th day of December, 2016.


s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE