IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TYRA KIRKSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0115-WS-N |
| | ) |
| SCHINDLER ELEVATOR | ) |
| CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on Plaintiff's Amended Deposition Designations (doc. 152) filed on February 11, 2017; and Defendants' Response to Plaintiff's Amended Deposition Designations (doc. 153) filed on February 13, 2017. In resolving issues of admissibility of the designated deposition excerpts, the Court has also considered Defendants' Objections and Counter-Designations (doc. 139, Exh. 3B) filed as an exhibit to the Joint Pretrial Document, as well as defense counsel's arguments made in open court during the first two days of trial.

Defendants' objections are **sustained** as to the following deposition excerpts designated by plaintiff:

1. Todd Lemmert Deposition 1/22/16 Volume 1, p. 61 line 7 through p. 62, line 8 (part of excerpt #9 for this witness in plaintiff's Amended Designations). Plaintiff cannot present testimony discussing specifics of these other falls because she has not shown that these incidents satisfy the legal standard for substantial similarity as discussed on pages 2 through 6 of this Court's Order (doc. 143) entered on December 6, 2016.

2. David Evans Deposition Volume 1, p. 27 line 17 through p. 28 line 6 (excerpt #6 and part of excerpt #7 for this witness). This testimony is not relevant because it relates to alternative designs currently offered by Schindler, rather than alternative

        designs during the 1996-1997 period when Schindler manufactured and installed the subject escalator.

3. David Evans Deposition Volume 1, p. 33 line34 through line 6 and p. 39 line 1 through line 4 (part of excerpt #12 and excerpt #13 for this witness). This testimony is not relevant because of the same temporal problem with regard to plaintiff's claims against Schindler.

4. David Evans Deposition Volume 1, p. 49 line 7 through p. 50 line 17 and p. 58 line 20 through line 24 (excerpts #23, #24, #25, #26, #27, and #28 for this witness). This testimony lacks any reference to time frame that is necessary to establish its relevance to these proceedings. Plaintiff's claims against Schindler are limited to the time frame of 1996-1997. What Schindler may or may not have done since then to address the issue of escalator falls, and what knowledge it may have developed after that time period concerning alternative designs, is not relevant to any claim joined for trial.

5. David Evans Deposition Volume 1, p. 109 line 19 through p. 110 line 25 and p. 111 line 10 through line 22 (excerpts #35, #36, #37 and #38 for this witness). This testimony is not relevant to any issue joined for trial. Plaintiff does not assert any triable claims against Schindler for negligent or wanton failure to retrofit the subject escalator. Whether a guarding device is "possible" for "new installations" today says nothing about whether such a device was "possible" during the relevant 1996-1997 time frame.

6. Vincent Robibero Deposition 2/8/16 Volume 1, p. 41 line 17 through p. 42 line 4, and p. 47 line 5 through p. 47 line 11 (part of excerpt #1 and all of excerpts #2, #3 and #4 for this witness). Again, what Schindler may or may not have done since 1997 to address the issue of escalator falls or to design fall protection for escalators is not relevant to any claim joined or trial.

7. John Dull Deposition 2/8/16 Volume 1, p. 18 line 23 through p. 22 line 7, p. 25 line 19 through p. 26 line 5, and p. 30 line 21 through p. 31 line 20 (parts of excerpt #2 and all of excerpts #3, #4, #5 and #6 for this witness). As to Gilbert, Caler and Vellanti falls, this testimony is cumulative. As to Carroll fall (Garden State Race Track), no showing of substantial similarity within the meaning of this

-3-

        Court's prior rulings has been made (witness equivocated as to whether Carroll fell over the side of an escalator and identified no other points of similarity to Jakobe Kirksey's fall), so not admissible to show that a defect or dangerous condition existed. Schindler's knowledge or lack of knowledge of a defect or dangerous condition post-1997 is irrelevant to issues joined for trial.

8.    John Dull Deposition 2/8/16 Volume 1, p. 47 line 7 through p. 49 line 5 (excerpt #12 and part of excerpt #13 for this witness). This testimony is not relevant because it relates to intoxicated ridership of escalators, which is not at issue in this action.

The foregoing deposition excerpts are **excluded** from trial.

In all other respects, defendants' objections are **overruled** and the subject video deposition excerpts may be played to the jury as part of plaintiff's case in chief.

DONE and ORDERED this 14th day of February, 2017.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE